THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ORA TERESA DAVIS                                                                       PLAINTIFF

v.                                                       CIVIL CASE NO. 1:20-CV-63-RP

COMMISSIONER OF SOCIAL SECURITY                           DEFENDANT

**MEMORANDUM OPINION AND JUDGMENT**

The plaintiff Ora Teresa Davis, under 42 U.S.C. § 405(g), seeks judicial review of the unfavorable decision of the Commissioner of Social Security regarding an application for disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provision of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the court finds the Commissioner's decision is supported by substantial evidence and should be affirmed.

The plaintiff argues the ALJ gave insufficient reasons for giving little weight to the opinions of her treating physicians Dr. Nuthakki and Dr. Pandhi, whose opinions, if given controlling weight, would have resulted in a finding of disability. Because the plaintiff's application was filed before March 27, 2017, the framework for evaluating opinion evidence set forth in 20 C.F.R. § 404.1527 applies. However, because there is first-hand medical evidence from examining physicians – Dr. Ghanayem and Dr. Westin – controverting the plaintiff's treating physicians, no detailed analysis of the treating physicians' opinions under the criteria set forth in 20 C.F.R. § 404.1527(c) was required. *Newton v. Apfel,* 209 F.3d 448, 453 (5th Cir. 2000). In compliance with SSR 96-2P, the ALJ's unfavorable decision contains specific reasons for the

1

weigh given to the treating sources' medical opinions, supported by evidence in the record, and is sufficiently specific to make clear to this court the weight the ALJ gave to those opinions and the reasons for that weight. The ALJ must give the opinions of treating physicians controlling weight only if they are well-supported by medically acceptable clinical and laboratory diagnostic techniques *and* they are not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2). In this case, the record contains inconsistent substantial evidence, including the opinions of Dr. Ghanayem and Dr. Westin. The ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion, and "certainly, the ALJ is free to choose among the conclusions of two examining physicians, even though one is the claimant's treating physician." *Bradley v. Bowen,* 809 F.2d 1054, 1057 (5th Cir. 1987).

As to the ALJ's omission from the RFC of a limitation requiring the use of a cane, while acknowledging Dr. Pandhi's opinion that the plaintiff requires the use of a cane and noting a number of medical visits at which plaintiff was observed using a cane to ambulate, the ALJ's decision also notes the lack of a medical prescription for a cane, medical records observing and indicating the plaintiff was able to ambulate without a cane, and unremarkable physical examinations. The ALJ's decision in this regard is supported by substantial evidence. *See Garcia v. Colvin,* No. M-15-036, 2016 WL 489753, at *7 (S.D. Tex. Jan. 12, 2016) (affirming ALJ's decision not to incorporate assistive device into RFC where ALJ considered range of evidence when evaluating plaintiff's limitations and there was "no indication that the ALJ dismissed Plaintiff's alleged need for an assistive device based *solely* on the absence of a prescription.") (emphasis in original), *report and recommendation adopted,* 2016 WL 454641 (Feb. 5, 2016).

For these reasons and for those announced on the record at the conclusion of oral

arguments, the decision of the Commissioner is AFFIRMED.

**SO ORDERED**, this the 10th day of February, 2021.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE